IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,580-01






EX PARTE LUIZ POLENDO, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 199CR5700W-W1 IN THE 144
TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded nolo contendere to burglary of a
habitation, and originally received four years' probation. His probation was later revoked, and he was
placed on shock probation. The shock probation was also revoked, and Applicant was sentenced to ten
years' imprisonment. Applicant filed an appeal, but later requested that the appeal be dismissed. Polendo
v. State, No. 04-06-00530-CR (Tex. App. - San Antonio, April 18, 2007). 

 Applicant contends, inter alia, that his ten-year sentence after revocation was unauthorized. The
trial court finds that Applicant originally pleaded nolo contendere and received deferred adjudication
community supervision. However, there is nothing in the habeas record to show that Applicant was aware
that he was being placed on deferred adjudication as opposed to "straight" probation. If Applicant was
indeed given deferred adjudication community supervision, then his ten-year sentence after adjudication
would be authorized. On the other hand, if Applicant received "straight" probation, then he should only
have been subject to a maximum four-year sentence after revocation. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court shall give Applicant's original trial
counsel, Lisa Jarrett, the opportunity to respond to Applicant's allegations. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may
rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law first as to whether Applicant
received deferred adjudication or "straight" probation when he entered his original plea. The trial court
shall also make findings as to whether Applicant was correctly advised by counsel as to the distinction
between deferred adjudication and "straight" probation. If Applicant received deferred adjudication, the
trial court shall supplement the habeas record with copies of the order placing Applicant on deferred
adjudication and the judgment adjudicating him guilty. If Applicant received "straight" probation, the trial
court shall supplement the record with copies of the judgment of probation and the judgment upon
revocation. If the trial court finds that Applicant received "straight" probation, the trial court shall make
findings as to whether the ten-year sentence after revocation was objected to by counsel at the time of the
revocation. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: November 7, 2007

Do not publish